UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CORTEZ DEON ELIE**<br>  **LA. DOC #500542**<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-1454**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **SHERIFF MARK SHUMATE, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

*Pro se* plaintiff Cortez Deon Elie, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 11, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Richwood Correctional Center, Monroe, Louisiana; however, he claims that he was assaulted by his fellow inmates and corrections officers while he was incarcerated at the East Carroll Detention Center (ECDC) in Lake Providence, Louisiana. Plaintiff sued Warden Ronnie Harris, Corrections Officers Wayne Robinson and James Binder, and East Carroll Parish Sheriff Mark Shumate. He prayed for compensatory damages of $25,000. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

On some unspecified date prior to May 19, 2011, plaintiff was incarcerated at the River Bend Detention Center (RBDC) in Lake Providence; he advised Warden Ronnie Jones that Corrections Officer James Binder was introducing contraband – cell phones and drugs – into the prison.

Plaintiff was transferred to ECDC on some unspecified date. On May 19, 2011, jail

authorities discovered that ECDC Corrections Officer Wayne Robinson was introducing contraband into that prison. Robinson contacted Binder who advised Robinson that it was plaintiff who had informed on Binder when plaintiff was incarcerated at RBDC.

Robinson then confronted plaintiff and told him "... to put on [his] shoes so [he] could fight." According to plaintiff, Robinson paid several inmates to assault plaintiff and Robinson and another unnamed guard watched as these inmates beat plaintiff "for at least an hour." Plaintiff asked Robinson to call Lt. Carter for assistance but Robinson refused. Eventually, a corrections officer arrived for pill call and plaintiff ran to the door and asked him to call for assistance. Officer Binder advised the corrections officer that plaintiff was bleeding because he had been hit with a lock after having been caught stealing from another inmate. Plaintiff claimed that he continues to suffer from pain and night mares.

### *Amend Order*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege some facts which support the conclusion that his constitutional rights were violated by the defendant. In other words, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). At the very least, plaintiff should provide–

(1) the name of <u>each person</u> who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or <u>what each defendant did to violate plaintiff's rights</u>;

(3) <u>the place and date that each event occurred</u>; and

(4) a description of the <u>alleged injury</u> sustained as a result of the alleged violation.

Plaintiff's claims thus far are purely conclusory and are unsupported by factual allegations. For example, his description of the assault that occurred is lacking in detail. He should allege facts to support the allegation that Corrections Officer Robinson paid or otherwise encouraged the other inmates to attack plaintiff. He should state when and where the assault occurred, and, he should provide a detailed description of the injuries he received and the nature of the treatment he received for those injuries. He should also state whether an incident report was written up or whether a prison disciplinary hearing was convened and he should provide copies of the reports and charges that were filed as a result of the affray.

Further, while plaintiff has alleged fault on the part of Corrections Officer Robinson, he has alleged no fault with regard to the other defendants, Binder, Harris, and Shumate. He should amend his complaint to provide the Rule 8 details with regard to these defendants.

It appears that plaintiff has sued the Sheriff and Warden in their supervisory capacities. Plaintiff is advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other

words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants.

### *Order*

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Accordingly:

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims, requests for relief, or defendants plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

In Chambers, Monroe, Louisiana, October 21, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

4