UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

CORTEZ DEON ELIE          *     CIVIL ACTION NO.  11-1454

VERSUS                     *     JUDGE ROBERT G. JAMES

SHERIFF MARK SHUMATE, ET AL.     *     MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Cortez Deon Elie filed the instant civil rights complaint on August 11, 2011.  He alleges that while incarcerated at the East Carroll Detention Center, he was assaulted by fellow inmates and corrections officers.[1]  Accordingly, he named as defendants, Warden Ronnie Harris, Corrections Officers Wayne Robinson and James Binder, and East Carroll Parish Sheriff Mark Shumate.  In an amended complaint, plaintiff states that he also was subjected to excessive force by Corrections Officers Jones, Hutseal, Gus, and Danny.  He seeks compensatory damages of $25,000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons, it is recommended that plaintiff's claims against the remaining defendants be **DISMISSED, without prejudice**.

## Procedural Background

As discussed above, plaintiff filed his *pro se* civil rights complaint on August 11, 2011.

---

[1]  At the time he filed suit, plaintiff was an inmate confined at the Richwood Correctional Center, Monroe, Louisiana.

On January 26, 2012, the undersigned recommended dismissal of defendants, East Carroll Detention Center, Sheriff Mark Shumate, Warden Ronnie Harris, and Corrections Officers, Jones, Hutseal, Gus, and Danny, for failure to state a claim on which relief may be granted.  (Jan. 26, 2012, Report & Recommendation [doc. # 10]).  On April 4, 2012, the District Court adopted the report and recommendation and dismissed the foregoing defendants.  (April 3, 2012, Judgment [doc. # 14]).

On April 26, 2012, the court issued summonses to the remaining defendants, James Binder and Wayne Robinson. [doc.  19].

On June 18, 2012, the U.S. Marshal Service filed a return of service affirming that defendant, James Binder, was personally served on May 22, 2012.  (Process Receipt and Return [doc. # 21]).  Thus, Binder's answer was due on, or about June 11, 2012.  *Id*.

As to defendant, Wayne Robinson, the U.S. Marshal Service filed the return as un-executed because the East Carroll Detention Center had closed, and the surviving facility had no record of ever having employed Wayne Robinson.  (Process Receipt and Return [doc. # 22]).

On June 29, 2012, the District Court issued a Minute Entry noting that defendant, James Binder, had failed to file responsive pleadings and thus, he was in default.  (June 29, 2012, Minute Entry [doc. # 25].  The Court advised plaintiff that he had a duty to seek an entry of default against Binder.  *Id*.  The Court further noted that service attempts on defendant, Wayne Robinson, had proved unsuccessful.  *Id*.  Thus, the Court reminded plaintiff that if he wished to prosecute the matter against Robinson, he had to provide the Court with a valid address for service.  *Id*.

On July 16, 2012, however, the postal service returned the Court's June 29, 2012, Minute

2

Entry with the following notation affixed to the envelope, "RETURN TO SENDER * REFUSED * UNABLE TO FORWARD."  [doc. # 26].

The court has not received any submissions from plaintiff since April 2012.

## Law and Analysis

### I.    Failure to Default James Binder

Local Rule 41.3W authorizes dismissal of any action or defendant "[w]here no responsive pleadings have been filed or default has been entered within 60 days after service of process . . ." LR 41.3W(B).

Here, defendant James Binder was served on May 22, 2012.  Considerably more than 60 days have elapsed since that time, without any responsive pleading from Binder, or request by plaintiff for entry of default against Binder.  Accordingly, dismissal is warranted.  LR 41.3W.

### II.    Failure to Perfect Service against Wayne Robinson

In the absence of good cause, the Federal Rules of Civil Procedure provide for dismissal of an unserved defendant when service is not perfected within 120 days after suit is initiated against the defendant.  *See* Fed.R.Civ.P. 4(m).  Furthermore, Local Rule 41.3 authorizes dismissal of an action or defendant "[w]here no service of process has been made within 120 days after filing of the complaint . . ."  LR 41.3W(A).

Plaintiff filed the instant suit more than one year ago.  Furthermore, it has been more than nine months since this court ordered service on defendants.  *See* Jan. 26, 2012, Order [doc. # 11]. There currently is no expectation or reasonable likelihood that plaintiff intends to provide a valid address for Wayne Robinson so that the U.S. Marshal may serve him.  *Contrast, Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008).  Plaintiff also has not demonstrated any basis

which would establish good cause for his continued failure to timely effect service.[2]

Accordingly, dismissal is required.  Fed.R.Civ.P. 4(m); LR 41.3W.

### III.     Dismissal for Failure to Update Address

Local Rule 41.3W provides, in part, that "[t]he failure of a[ ] . . . pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."

Here, it has been more than 60 days since the postal service returned the court's minute entry because plaintiff no longer resided at his address of record.  Moreover, plaintiff has not contacted the court to update his address.  Accordingly, dismissal is warranted.

### IV.     Additional Findings in the Event that Dismissal Without Prejudice Will Bar Plaintiff from Re-filing the Action

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).

---

[2]  "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"  *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990).  Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'"  *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

While the court is acutely aware of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *See Millan, supra*.  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  Plaintiff has failed to comply with instructions from the court to prosecute his action against defendants.  Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action.[3]  Finally, plaintiff's unrepentant flaunting of court rules, procedures, and instructions[4] reflects his own contumaciouness or "stubborn resistance to authority"[5] which is personally attributable to him as a litigant unrepresented by counsel.  Accordingly,

**IT IS RECOMMENDED** that plaintiff's claims against remaining defendants, James Binder and Wayne Robinson be **DISMISSED without prejudice**.  Fed.R.Civ.P. 4(m) and/or LR 41.3W.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

---

[3]  In addition, the court does not have a valid address for plaintiff to order a less severe, monetary sanction – assuming plaintiff, who is proceeding in forma pauperis, herein, enjoys the means to pay same.

[4]  This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[5]  *See Millan, supra*.

**fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 5th day of October 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE